

## NUMBER 13-09-00056-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI ‑ EDINBURG

**CRISTOBAL GARCIA,**                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

### On appeal from the 36th District Court
### of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Cristobal Garcia, appeals from the revocation of his community supervision. On November 9, 2007, pursuant to a plea bargain agreement, appellant pleaded guilty to the burglary of a building, a state-jail felony. *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(1) (Vernon 2003). The trial court sentenced appellant to eighteen months' confinement in a state jail facility and assessed a fine of $1,500.00, restitution in the

amount of $2,396.00, and court costs.  The court suspended imposition of the sentence and placed appellant on community supervision for three years.

On September 24, 2008, the State filed its motion to revoke appellant's community supervision, alleging that appellant had violated his community supervision when he failed to report, to pay supervisory fees, and to pay crime stopper fees.  At the evidentiary hearing, appellant pleaded true to the allegations in the motion.  A stipulation that appellant was the same person placed on community supervision in January 2007 and a stipulation and confession that appellant admitted to the violations were admitted into evidence.  The documents were signed by appellant and approved by the trial court and counsel for the State and for appellant.  The trial court revoked appellant's community supervision.  Declining to follow the agreed recommendation of twelve months' confinement, the trial court sentenced appellant to eighteen months' confinement in a state jail facility.  It also reassessed costs and fines.  This appeal ensued.

Concluding "[t]his appeal is frivolous and without merit," appellant's counsel filed a brief in which he reviewed the merits, or lack thereof, of the appeal.  We affirm.

## I.  Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that "[t]here are no meritorious points of error to present."  Counsel's brief discusses the relevant portions of the record.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex.

2

Crim. App. 1991). Including record references to the facts and setting out pertinent legal authorities, appellant's counsel has discussed why, under controlling authority, there are no errors in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

After searching the record and researching the applicable law, counsel has found no reversible error reflected by the record and has forwarded a copy of the brief and request to withdraw as counsel to appellant. Counsel also informed appellant of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. Independent Review

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

---

[1]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

### III. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on April 16, 2009. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 2nd day of July, 2009.

---

[2]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.